UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

JOHN EISENMAN,

Plaintiff,

v.

UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant.

Civil No. 02-379 ADM/AJB

ORDER GRANTING LEAVE TO AMEND THE COMPLAINT

---

Plaintiff, through his attorney, Michael Tewksbury, Esq., brought a motion to amend the complaint on December 3, 2002. Defendant was represented by John Harper III, Esq.

Based upon the argument of counsel and consistent with Rule 15 of the Federal Rules of Procedure, Plaintiff's motion is hereby granted to join the employer, Intentia, as a defendant, as set forth in the attached amended complaint.

Dated: 12/20/02

ARTHUR J. BOYLAN
United States Magistrate Judge

MEMORANDUM

Counsel for the Plaintiff shall contact the Court to arrange a Rule 16 scheduling conference once counsel learns who will be representing the additional Defendant,

Filed DEC 23 2002
Richard Sletten, Clerk
Judgment Entered __________
Deputy Clerk's Initials __________

Intentia. So that a timely Rule 16 scheduling conference can be completed, counsel shall notify the Court immediately upon learning the identity of Intentia's lawyer and not wait until an answer has been filed.

AJB

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

John Eisenman,

Plaintiff,

vs.

UNUM Life Insurance Company of America and Intentia Americas, Inc.,

Defendants.

Case Type: Contract
Civil File No.: 02-379 ADM/AJB

**AMENDED COMPLAINT**

Plaintiff for his Complaint states and alleges:

1. John Eisenman accepted employment with Intentia Americas, Inc. (hereinafter "Intentia") commencing March 22, 1999, in the capacity as a project manager software consultant.

2. Mr. Eisenman was hired at the rate of pay of $101,200 per annum plus bonuses.

3. Further compensation for employment was provided in the form of disability insurance policies entered into by Intentia with Defendant UNUM Life Insurance Company of America (hereinafter "UNUM"), for the benefit of Mr. Eisenman.

4. Mr. Eisenman was insured under two separate policies, group policy, No. 530567-011 and an individual policy, No. LAR 413411.

5. The group policy by its terms was designed to pay two-thirds of monthly income lost during periods of long-term disability.

6. The individual policy provided additional income benefit to compensate for wages lost in excess of those reimbursed under the group policy. The policy issued to Mr. Eisenman also contained a future adjustment option providing monthly benefits up to an additional $5,000 per month.

7. Mr. Eisenman became disabled effective September 6, 1999 and has not been able to participate in gainful employment since that date.

8. UNUM, ultimately accepted this disability claim and commenced disability payments following the 90-day waiting period with payment commencing

December 6, 1999 on both the group policy and the individual supplemental policy.

COUNT I

9. Defendant has wrongfully ceased making disability payments pursuant to the group policy, No. 530567-001, effective December 2001.

10. The failure to make continual payments after that date constitutes a breach of the contract entitling Mr. Eisenman to damages.

COUNT II

11. From the outset of payment on the individual policy, UNUM has paid benefits at the rate of $500 per month subsequently adjusted to $728 per month instead of the full amount to which he was entitled pursuant to the future adjustment option of up to $5,000 per month or 100% of his wage loss whichever was lesser.

12. Consequently, UNUM is in breach of its contract by failing to pay $2,811.11 per month in supplemental benefits despite repeated requests to pay the supplemental benefit.

COUNT III

13. UNUM's handling of this claim, through its employees, has been inappropriate from the outset with such conduct constituting either an intentional infliction of emotional distress or a negligent infliction of emotional distress upon Mr. Eisenman.

14. The conduct of UNUM, includes but is not limited to:

a. The initial denial of the claim without justification or basis.
b. The subsequent denial and cessation of benefits.
c. The failure to pay the full amount of the supplemental, individual policy proceeds in a timely manner.
d. The failure to provide the benefits in a regular and timely manner coupled with the failure to pay interest on the overdue benefits when finally paid.
e. Coupled requests for information and documentation with repeated threats to cancel the policy and cease benefits.

15. The conduct of Defendant in the handling of this claim was either intentional or constitutes negligence and has resulted in damages beyond the loss of the contract benefits. As a result of Defendant's handling of this claim the Plaintiff has sustained emotional distress, financial hardship, and additional complications and aggravations to his underlying medical condition.

16. This conduct, whether intentional or negligent has caused additional, pain, disability embarrassment and emotional distress to the Plaintiff entitling him to damages.

COUNT IV

17. At all times material herein, plaintiff John Eisenman was employed by Intentia.

18. As part of the compensation package offered to Mr. Eisenman as an inducement to accept employment and as a term of employment Intentia provided long term disability insurance for Mr. Eisenman's benefit.

19. Intentia advised Mr. Eisenman orally and in writing that two policies of insurance were purchased for his benefit with Intentia paying all premiums for the coverage.

20. Intentia advised Mr. Eisenman orally and in writing that the disability insurance package that it was providing would provide him with 100% of his wage loss should he become eligible for long term disability. Two-thirds of the wage loss would be paid by the group policy. The balance would be paid by the individual policy.

21. In reliance on this representation, Mr. Eisenman did not seek or obtain any disability insurance on his own.

22. Mr. Eisenman in fact became disabled while employed with Intentia. UNUM paid disability benefits under the group policy equal to two-thirds of his monthly pay but has paid the individual benefits at a substantially reduced amount.

23. UNUM's position is that they have paid consistent with the amount of coverage purchased by Intentia and consequently any shortfall in complete compensation is a result of Intentia's failure to procure the appropriate level of coverage.

24. Intentia was negligent in the purchase of the individual coverage.

25. Intentia misrepresented the amount of coverage available and Mr. Eisenman relied upon this representation to his detriment.

WHEREFORE, Plaintiff prays for relief as follows:

1. For all benefits due and owing under the disability policies issued by UNUM, whether the group or individual policy.

2. As to Intentia for an amount equal to past disability benefits owed; so as to

3. For an order compelling payment of any shortfall in disability benefits for so long as Mr. Eisenman remains disabled.

4. For general damages in an amount in excess of Fifty Thousand and no/100 Dollars ($50,000.00).

5. For costs, disbursements, prejudgment interest and attorney's fees.

6. For such other relief as the Court deems appropriate.

TEWKSBURY • KERFELD • ZIMMER, P.A.

Dated: 12/18/02

By: [signature]

Michael D. Tewksbury (#108832)
Attorneys for Plaintiff
88 South Tenth Street, Suite 300
Minneapolis, MN 55403
(612) 334-3399

ACKNOWLEDGMENT

The undersigned hereby acknowledges that costs, disbursements and reasonable attorney and witness fees may be awarded pursuant to Minn. Stat. § 549.211, subd. 1, to the party against whom the allegations in this pleading are asserted.

TEWKSBURY • KERFELD • ZIMMER, P.A.

Dated: 12/18/02

By: [signature]

Michael D. Tewksbury (#108832)

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

## NOTICE

The latest amendments to the federal rules of procedure, (Civil, Criminal, Appellate and Bankruptcy), went into effect on December 1, 2002. The new amendments and related committee notes can be found at www.uscourts.gov/rules/amendments0202.htm.

One change is particularly noteworthy. That is Rule 7.1 of the Federal Rules of Civil Procedure. This rule requires that corporations file a "disclosure statement" whenever they initially appear as a party in a federal court action. The Rule 7.1 Disclosure Statement must identify "any parent corporation and any publicly held corporation that owns 10% or more" of the stock of the corporate party filing the statement. The purpose of the disclosure statement is to help judges and magistrate judges identify potential conflicts of interest. (Similar disclosure statement requirements are prescribed by Rule 26.1 of the Federal Rules of Appellate Procedure and Rule 12.4 of the Federal Rules of Criminal Procedure.)

Beginning December 1, 2002, a Rule 7.1 Disclosure Statement must be filed by every corporation when it first appears in a federal action, even if the corporation merely reports that there is no parent corporation or publicly held corporation that owns 10% or more of its stock. These Disclosure Statements must also be filed retroactively, for every corporation which is a party to an action pending in this District as of December 1, 2002. The retroactive Rule 7.1 statements must be filed immediately.

It also should be noted that there have been extensive stylistic changes, (as well as a few substantive changes), to the Federal Rules of Criminal Procedure. Attorneys who appear in federal criminal cases should review the amended version of the Rules.